IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| YUSUF ABDUL AL-WAHHAB, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18-cv-00197 |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF VA., *et al.*, | ) | By: Elizabeth K. Dillon |
|     Defendants. | ) | United States Magistrate Judge |

**MEMORANDUM OPINION**

Plaintiff, proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. Al-Wahhab's initial and amended complaints fail to state a claim upon which relief may be granted and fail to state the facts on which his claims against each of the defendants are based. Accordingly, the court concludes that this action should be dismissed with prejudice as frivolous.

I.    Background

Al-Wahhab filed his initial § 1983 complaint on or about May 1, 2018, naming several named and unnamed defendants from the Virginia Department of Corrections ("VDOC").[1] Al-Wahhab also filed supporting affidavits and a 247 page document that includes: an overview of the United Nations' "Universal Declaration of Human Rights," the August 1990 "Cairo Declaration on Human Rights in Islam," multiple state court documents, an application for a pardon from the Governor of Virginia, grievances regarding his inability to work as a paralegal/law clerk, his résumé, several different inmate-skill certifications, medical documents, medical grievances, excerpts from the Jail House Lawyer's Handbook, and several affidavits related to grievances and

---

[1] Defendants include: the Commonwealth of Virginia, the VDOC, Harold W. Clarke (Director of the VDOC), R. Bateman (prison chaplain), the unnamed Chief of Housing & Programs, G. Ballard (senior counselor), C. Crumpler (operation manager), M. T. Alvis (institution investigator), Davis (Warden of Green Rock Correctional Center), unnamed persons in the business/accounting office, John Doe, Jane Doe, unnamed Health Services Director, and Dr. Laurence Shu-Chung Wang.

1

state court proceedings. In his complaint, Al-Wahhab vaguely alleged (1) his fundamental human rights were violated by his unlawful conviction; (2) he was unlawfully dismissed from his employment as a law library clerk; (3) deliberate indifference by officials regarding his medical care; (4) the defendants violated his Due Process and Equal Protection rights regarding grievance procedure; and (5) the defendants violated his rights by denying his request for indigent services. Al-Wahhab's complaint had unrelated allegations against unrelated defendants and failed to attribute specific conduct to individual defendants. Therefore, the court directed Al-Wahhab to amend his complaint to comply with the Federal Rules of Civil Procedure and the requirements of § 1983. The court advised Al-Wahhab that his pleading was defective, that he must submit an entirely new pleading that does not refer to or incorporate any previously filed documents, and that failure to comply would result in dismissal of his complaint.

On June 25, 2018, Al-Wahhab filed an amended complaint, along with his pretrial detention sentence credit, his presentence investigation report, his offense sheet, and a supporting affidavit. In his complaint, he listed three claims: (1) "human rights violations, constitutional violations, civil rights violations" related to his conviction; (2) "same as above, the original petition"; and (3) "same as above, the original petition." Am. Compl. 2, ECF No. 13. On July 8, 2018, Al-Wahhab filed a "Clarification of the Amended Complaint" and a fifty-eight page nonsensical and irrelevant[2] exhibit. At the threshold, Al-Wahhab failed to comply with the court's amendment order in that he did not file a stand-alone document. Despite his failure to comply, the court has reviewed his

---

[2] Excerpts include: "I do not believe, nor, subscribe to any form of, or use of terrorism!" Ex. 1, ECF No. 14-1. "The actual legislation of laws, go back a long ways. So, it is the laws, the moral code (the principles of right and wrong) set to give a conforming standard of right conduct and behavior to codify within each surah/chapter a systematic statement and rules of a body of laws." *Id.* at 11. "Again, the Jews and the Christians afford an example of the two extremes, the Jews rejecting Jesus, a prophet of God, as a liar, and doing their utmost to slay him, and the Christians raising a moral prophet to the dignity of God-head." *Id.* at 58.

pleadings and concludes that his complaint must be dismissed with prejudice for failing to state a claim upon which relief can be granted.

II.     Standard of Review

Title 28 U.S.C. § 1915A(a) requires initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean that the court can ignore a clear failure in pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Rule 8(a) of the Federal Rules of Civil Procedure states, in part, that "[a] pleading that states a claim for relief must contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Rowe Price–Fleming International, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, show that the plaintiff has stated a claim entitling him to relief. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557).

3

III.   Discussion

With regard to Al-Wahhab's conviction-related claim, any claim implying the invalidity of his conviction is not cognizable under § 1983 but must be brought in a habeas petition. "Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). When an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds, however, a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). An inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *Preiser*, 411 U.S. at 489; *see also* 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

With regard to Al-Wahhab's employment claim, an inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause. *See Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980); *Hall v. Widner*, No. 7:10CV00186, 2010 WL 1873094, at *1 (W.D. Va. May 7, 2010) (asserting "inmates have no independent constitutional right to a prison job, and prison officials may generally terminate an inmate from his job for any reason without offending federal due process principles"). Al-Wahhab also generally alleges that he has been discriminated against under the Americans with Disabilities

Act. The ADA applies to state prisoners, but in order to establish a prima facie case of disability discrimination, the inmate/employee must prove that he: (1) is disabled, (2) is otherwise qualified for the position despite the disability, and (3) was subjected to an adverse employment decision because of the disability. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998); *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995). However, Al-Wahhab has attached documents demonstrating that his employment was denied on account of his sex offender status. Sex offender status is not a protected class under the ADA. *See Shaw v. Smith*, 206 Fed. App'x 546, 547-48 (7th Cir. 2006) (sex offender status does not qualify as a disability under the ADA).

With regard to the medical claim, the court previously advised Al-Wahhab that his complaint violated the Federal Rules of Civil Procedure and failed to allege specific behavior by particular defendants that resulted in the violation of Al-Wahhab's rights.[3] Al-Wahhab failed to address the noted deficiencies in his amended complaint. The court particularly notes that Al-Wahhab failed to follow the court's basic instructions to identify any individual defendant and/or conduct generally attributable to a defendant in his amended complaint.

With regard to Al-Wahhab's Due Process and Equal Protection claims related to the internal grievance and other institutional procedures, state inmates generally have "no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). "Thus, if plaintiff believes that

---

[3] "[P]laintiff's amended complaint must allege facts against or conduct committed *by each named defendant*, in violation of his federal rights." Order, ECF No. 12 (emphasis added).

defendants' failure to respond to grievances has resulted in injury to plaintiff's constitutionally protected interests, plaintiff may file a claim under 42 U.S.C. § 1983 to redress that particular injury." *Scott v. Kelly*, 107 F. Supp. 2d 706, 710 (E.D. Va. 2000). Here, Al-Wahhab has only alleged that the grievance procedure violated his rights. He has not alleged a freestanding constitutional claim; therefore, his claim is not cognizable under § 1983.

Lastly, Al-Wahhab's claim regarding indigent services, specifically that the defendants refused to provide Sensodyne toothpaste, is not cognizable under § 1983. It is clear that Al-Wahhab would prefer to have that particular brand of tooth paste; however, a prisoner's disagreement with the decisions of medical personnel does not state a cognizable § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Wellons v. Townley*, 528 F. Supp. 73, 74 (W.D. Va. 1981); *Hobbs v. Fulco*, No. 5:09CV00368, 2010 WL 6576059, at *2-3 (E.D. Ark. Nov. 22, 2010) ("It is clear that Plaintiff preferred to have a particular brand of toothpaste for his tooth pain. However, prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment. Plaintiff was given toothpaste with fluoride, and was advised on proper brushing techniques to help reduce sensitivity.") (internal quotation marks and citation omitted).

IV. Conclusion

As the court cannot conceive of a constitutional claim based on Al-Wahhab's complaint or amended complaint, the court will dismiss the frivolous action with prejudice.

The Clerk is directed to send a copy of this Order to plaintiff.

Entered: July 27, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge